UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2750(DSD/RLE)

Roger K. Lunsford, Calvin
Smith, George Eiland,
Errell Heflin, Vincent
Garner, Mike Clark
and Anthony Louder,

      Plaintiffs,

v.                                                    **ORDER**

RBC Dain Rauscher, Inc.,
Nations Financial Group,
Inc., Thomas Leechin,
Scott Bennett and Lori LeBarge,

      Defendants.

    Roger K. Lunsford, Calvin Smith, George Eiland, Errell Heflin, Vincent Garner, Mike Clark and Anthony Louder, *pro se*.

    Brian C. Keane, Esq., James K. Langdon, Esq. and Dorsey & Whitney, 50 South Sixth Street, Minneapolis, MN 55402, counsel for defendant RBC Dain Rauscher.

    Charles R. Shreffler, Jr., Esq., 2900 Thomas Avenue South, Suite 300, Minneapolis, MN 55416; Gregory M. Erickson, Esq., William F. Mohrman, Esq. and Mohrman & Kaardal, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, counsel for defendants Leechin, Bennett and LeBarge.

This matter is before the court on cross-petitions by pro se petitioners to vacate the arbitration award and by respondents to confirm the award and dismiss all remaining claims. Based upon a

review of the file, record and proceedings herein, and for the following reasons, the court denies the petition to vacate, confirms the arbitration award and dismisses the remaining claims.

## BACKGROUND

Defendant RBC Dain Correspondent Services ("RBC") is a securities clearing house that helps brokerage firms establish securities accounts. Defendant Nations Financial Group, Inc. ("Nations Financial") is a brokerage firm assisted by RBC and employs defendants Scott Bennett, Tom Leechin ("Leechin") and Lori LeBarge. Plaintiffs are prisoners, or former prisoners, at the Federal Correctional Institute in Edgeville, South Carolina who established securities accounts in 2003 and 2004 at Nations Financial through Leechin, their broker-representative.

On March 27, 2006, plaintiffs filed an amended complaint against defendants, asserting seven claims arising from defendants' disputed decision to no longer maintain plaintiffs' financial accounts.[1] Plaintiffs asserted claims for conspiracy to interfere with civil rights pursuant to 42 U.S.C. §§ 1985(3), 1986 and the due process clause of the Fifth Amendment to the United States Constitution and securities-related claims for omission or

---

[1] The plaintiffs named in the amended complaint are Roger K. Lunsford ("Lunsford"), Calvin Smith ("Smith"), George Eiland ("Eiland"), Errell Heflin ("Heflin"), Vincent Garner ("Garner"), Mike Clark ("Clark") and Anthony Louder ("Louder").

misstatements of material facts pursuant to 15 U.S.C. § 78j(b), control person liability under 15 U.S.C. § 78(t), breach of contract and breach of fiduciary duty.

Defendants moved to stay the litigation and compel arbitration on April 11, 2006.[2] On September 28, 2006, the court adopted Magistrate Judge Raymond L. Erickson's August 18, 2006, report and recommendation, staying proceedings on the civil rights claims, ordering arbitration of the securities claims and dismissing Garner for failure to state a claim.[3]

On February 20, 2007, Lunsford, Smith, Eiland and Heflin

---

[2] Plaintiffs' Customer Agreement provides:
> The undersigned agrees that all controversies which may arise between the undersigned and (a) your brokerage firm or any of its officers, employees or agents and (b) RBC or any of its officers, employees or agents, concerning any transaction or the construction, performance or breach of this or any other agreement between us, shall be determined by arbitration in accordance with the rules, then in effect, of the National Association of Securities Dealers, Inc."

(Bennett Decl. Ex. A-F.)

[3] Garner was not compelled to arbitrate and his securities claims were dismissed because he did not enter into a business relationship with Nations Financial or RBC. See Lunsford v. RBC Dain Rauscher CS, Civil No. 05-2750, 2006 WL 2844544, at *6 (D. Minn. Sept. 28, 2006). Garner's civil rights claims were dismissed because prisoners are not a protected class, there is no fundamental right to maintain a securities account with a private institution and a private entity is not subject to a Fifth Amendment due process claim. Id. at *5.

3

initiated a Financial Industry Regulatory Authority[4] ("FINRA") arbitration proceeding against RBC, Nations Financial and Leechin asserting the securities claims and violation of the Equal Credit Opportunity Act.  In November 2007, plaintiffs demanded an evidentiary hearing before the Panel.  A telephonic hearing was held on March 13, 2008, during which the Panel considered the pleadings, testimony and evidence presented.[5] During this hearing, plaintiffs did not cross-examine defendants, the Panel denied plaintiffs' requests to subpoena recordings of their phone conversations with Leechin and the Panel did not consider Nations Financial's compliance manuals.  The Panel rejected plaintiffs' claims on March 19, 2008 in a written order.  Plaintiffs then moved in this court to vacate the award and rule on the merits of their claims for omission or misstatements of material facts pursuant to 15 U.S.C. § 78j(b) and control person liability under 15 U.S.C. § 78(t).  Defendants moved to confirm the arbitration award and dismiss all remaining claims on July 30, 2008.

---

[4]  Formerly known as the "National Association of Securities Dealers, Inc."

[5]  The record does not identify the evidence presented at the hearing or relied on by the Panel in making its final decision.

**DISCUSSION**

I.  Arbitrating Plaintiffs

   A.  Arbitration Award

Plaintiffs argue that the Panel's failure to consider certain evidence requires vacation of the arbitration award. Judicial review of an arbitration award is "extremely limited." <u>Kiernan v. Piper Jaffray Cos.</u>, 137 F.3d 588, 594 (8th Cir. 1998). The underlying award is entitled to an "extraordinary level of deference." <u>Stark v. Sandberg, Phoenix & von Gontard, P.C.</u>, 381 F.3d 793, 798 (8th Cir. 2004). The court may not substitute judicial resolution of disputed issues for an arbitrator's decision. <u>United Paperworkers Int'l Union v. Misco, Inc.</u>, 484 U.S. 29, 40-41 n.10 (1987); <u>Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC</u>, 319 F.3d 1060, 1064 (8th Cir. 2003). Once parties submit a dispute to arbitration, the merits of the resulting arbitration award simply are not within the purview of the court. <u>Gas Aggregation</u>, 319 F.3d at 1064. The court must confirm an award so long as an arbitrator "even arguably" construes or applies the underlying contract. <u>Stark</u>, 381 F.3d at 798.

Arbitration awards, however, are not inviolate, and the court need not merely rubber stamp the arbitrators' interpretations and decisions. <u>Id.</u> The court can vacate the award under one of a limited number of statutorily or judicially recognized grounds. <u>See</u> 9 U.S.C. § 10. One such ground is where the arbitrators

refused to hear evidence pertinent and material to the controversy. Id. § 10(a). To warrant vacation of an award, an arbitrator's refusal to hear evidence must either be in "bad faith or so gross as to amount to affirmative misconduct." Misco, Inc., 484 U.S. at 40.

Plaintiffs first argue that they should have been allowed to cross-examine the defendants in-person at the evidentiary hearing. Arbitrators generally exercise broad discretion to limit cross-examination. See Dow Corning Corp. v. Safety Nat'l Cas. Corp., 335 F.3d 742, 752 (8th Cir. 2003) (arbitration panel properly limited cross-examination). Here, the Panel's pre-hearing order did not contemplate cross-examination but plaintiffs could have requested that the Panel subpoena defendants for examination. See FINRA Code of Arb. Rule 10322(b) (describing procedure for issuance of subpoenas to parties). Without such a request, the Panel's failure to permit cross-examination does not reflect bad faith or amount to affirmative misconduct. Further, the arbitration agreement gave the Panel the ultimate authority to determine the location of the evidentiary hearing and plaintiffs were not prejudiced by testifying telephonically. See FINRA Code of Arb. R. 10315(a); see also Gedatus v. RBC Dain Raucher, Inc., No. 07-1750, 2008 WL 216297, at *4 (D. Minn. Jan. 23, 2008) (petitioner not prejudiced by presentation of telephonic testimony); cf. Thornton v. Snyder, 428 F.3d 690, 698 (7th Cir. 2005) (Federal Rule of Civil Procedure

43 allows testimony to be taken "by contemporaneous transmission from a different location"). Therefore, the Panel's decision to conduct a telephonic hearing does not require vacation of the arbitration award.

Second, plaintiffs argue that the Panel should have considered their alleged phone conversations with Leechin. The Panel denied several requests by plaintiffs to subpoena recordings of the conversations but allowed plaintiffs to testify about the conversations during the telephonic hearing. See FINRA Code of Arb. R. 10322(c) (arbitrator decides whether to issue subpoena). After considering plaintiffs' testimony, the Panel concluded that the recordings were immaterial to its award. See FINRA Code of Arb. R. 10323 (arbitrators determine relevance of evidence). Based upon the Panel's conduct, the court determines that its decision not to subpoena the recordings does not reflect bad faith or amount to affirmative misconduct. See Marshall v. Green Giant Co., 942 F.2d 539, 550-51 (8th Cir. 1991) (plaintiff not prejudiced by inability to present evidence when arbitrator determined evidence to be irrelevant).

Lastly, plaintiffs argue that the Panel improperly refused to consider Nations Financial's compliance manuals, which plaintiffs allege contained information related to the taped phone recordings between plaintiffs and Leechin. On July 6, 2007, the arbitration panel ordered defendants to produce the manuals. (Pls.' Ex. C.)

Plaintiffs indicate that they never received the documents and argue that they were denied the opportunity to address the issue because the Panel cancelled a pre-hearing conference scheduled for November 13, 2007. However, a pre-hearing conference was held on December 6, 2007, and there is no evidence that plaintiffs raised the issue at that time. Further, plaintiffs offer no arguments in support of the materiality of the manuals in light of the Panel's finding that the phone conversations between plaintiffs and Leechin were irrelevant. Consequently, the court determines that the Panel did not engage in affirmative misconduct or act in bad faith by failing to address plaintiffs' concerns regarding the compliance manuals. Accordingly, the court confirms the Panel's award.

### B.  Failure to State a Claim

Defendants argue that the remaining plaintiffs' civil rights claims should be dismissed for failure to state a claim. A court will dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted if, after taking all facts alleged in the complaint as true, those facts fail "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Dismissal is appropriate pursuant to Rule 12(b)(6) if "the allegations show on the face of the complaint there is some insuperable bar to relief." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

8

The court dismissed Garner's 42 U.S.C. §§ 1985(3), 1986 and Fifth Amendment claims pursuant to Rule 12(b)(6) because prisoners are not a protected class, there is no fundamental right to maintain a securities account with a private institution and a private entity is not subject to a Fifth Amendment due process claim.  See Lunsford, 2006 WL 2844544, at *5.  Because the remaining plaintiffs' §§ 1985, 1986 and Fifth Amendment claims are legally indistinguishable from those asserted by Garner, dismissal is warranted.  Anticipating this result, plaintiffs request an opportunity to amend their complaint pursuant to Rule 15(a).

Rule 15(a) provides that a court should permit a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a).  There is no absolute right to amend and a court may deny such a motion upon a showing of "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  Becker v. Univ. of Neb., 191 F.3d 904, 907-08 (8th Cir. 1999) (citations and quotations omitted).  Denial of a motion to amend as futile is appropriate if the proposed amended complaint cannot survive a motion to dismiss for failure to state a claim.  In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007).

According to plaintiffs, while the "main facts central to their claims and their original story have not changed" an

amendment is necessary because "the jurisdiction in which [plaintiffs] choose to pursue their claims has changed." (Pls.' Resp. Memo [Doc. 94] at 4.)  However, plaintiffs' claims are subject to dismissal on the merits, not because of a jurisdictional deficiency.  Therefore, amendment of plaintiffs' complaint would be futile and the court denies their request.  Accordingly, the court grants defendants' motion to dismiss the remaining plaintiffs' civil rights claims.

## II.  Non-Arbitrating Plaintiffs

Defendants argue that Louder and Clark should be dismissed for failure to prosecute their claims.  Rule 41(b) provides that a court may dismiss a plaintiff's claim if the plaintiff fails to prosecute or otherwise comply with a court order and, unless otherwise specified, such a dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).  The court may take action under Rule 41(b) as part of its inherent power to control its docket.  M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977).  However, "dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint." See Smith v. Gold Dust Casino, 526 F.3d 402, 405 (8th Cir. 2008).  When a plaintiff engages in a "clear record of delay," dismissal is appropriate.  See Skelton v. Henry, 390 F.3d 614, 617–19 (8th Cir. 2004) (dismissal proper when plaintiff filed no dispositive motion

10

in three years); <u>Rodgers v. Curators of Univ. of Mo.</u>, 135 F.3d 1216, 1221 (8th Cir. 1998) (dismissal warranted when plaintiff's dilatory conduct continued over two-year period).

In this case, Louder and Clark have not arbitrated their securities claims, prosecuted their civil rights claims or responded to defendants' motion to dismiss. Moreover, the remaining plaintiffs indicate that Louder and Clark were released from prison and that they are no longer in contact. Based upon this information, the court grants defendants' motion and dismisses Louder and Clark with prejudice.

## CONCLUSION

Accordingly, based upon the file, record and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' petition to vacate the arbitration award [Doc. No. 80] is denied;

2. Defendants' petition to confirm the arbitration award [Doc. No. 88] is granted;

3. Defendants' motion to dismiss all remaining claims is granted [Doc. No. 84]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 17, 2008

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court